**SWARTZ SWIDLER, LLC**
ATTORNEYS AT LAW

1878 Marlton Pike East
Society Hill Office Park, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417
ssessoms@swartz-legal.com

February 21, 2012

**VIA FIRST CLASS MAIL**
Clerk's Office
U.S. District Court, ED of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

RE:   Sandra Babock v. Butler County, et al.

Dear Sir/Madam:

Enclosed please find the following for filing:

- One (1) original and one (1) copy of Plaintiff's Complaint, Case Management Track Designation Form, Designation Form, Civil Cover sheet and a disk with all documents in PDF format. Also, enclosed is a check in the amount of $350.00 for Court Filing Fee.

Kindly file with the Court and return a file-stamped copy in the envelope provided at your earliest possible convenience.

Thank you.

Very truly yours,

SWARTZ SWIDLER, LLC

*s/ Sana Sessoms*
SANA SESSOMS
*Office Administrator*

/ss

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA J. BABCOCK

## DEFENDANTS
BUTLER COUNTY
JOHN DOES 1-10

(b) County of Residence of First Listed Plaintiff: **Butler**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Butler**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SWARTZ SWIDLER LLC (856) 685-7420
1878 Marlton Pike East, Suite 10, Cherry Hill, NJ 08003

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 216(b)

Brief description of cause:
FLSA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 02/20/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Justin Swidler

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Sandra Babock : CIVIL ACTION

v.

Butler County : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

2/20/2012    S. Justin Snider    Plaintiff
**Date**    **Attorney-at-law**    **Attorney for**

856-685-7420    856-685-7417    jswidler@swartz-legal.co
**Telephone**    **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7123 Fairway Drive, Butler PA 16001
Address of Defendant: 202 S. Washington St, Butler PA 16001
Place of Accident, Incident or Transaction: Butler, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) Employment

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Justin Swidler, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/20/2012    s/Justin Swidler    205954
              Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/20/2012    s/Justin Swidler    205954
              Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7123 Fairway Drive, Butler PA 16001

Address of Defendant: 202 S. Washington St, Butler PA 16001

Place of Accident, Incident or Transaction: Butler, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify) Employment

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Justin Swidler, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/20/2012    S/Justin Swidler    205954
                    Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/20/2012    S/Justin Swidler    205954
                    Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA J. BABCOCK, individually and on behalf of all those similarly situated, 7123 Fairway Drive Butler, PA 16001<br><br>Plaintiff,<br><br>v.<br><br>BUTLER COUNTY 202 South Washington Street Butler, PA 16001<br><br>and<br><br>JOHN DOES 1-10<br><br>Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## **INDIVIDUAL AND COLLECTIVE ACTION CIVIL COMPLAINT**

Sandra Babcock ("Named Plaintiff"), individually and on behalf of all those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains as follows against Defendants.

### **INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA, and failed to pay wages to Named Plaintiff and Plaintiffs for certain hours worked in violation of the FLSA.

### **JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff Sandra Babcock is an adult individual with an address as set forth above.

8. At all times relevant herein, Named Plaintiff worked for Defendant Butler County as a corrections officer.

9. At all times relevant herein, Defendant Butler County owned and operated the prison located at 202 South Washington Street, Butler, PA 16001.

10. Defendants John Doe 1 through John Doe 5 are presently unknown persons who directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA.

11. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Plaintiffs.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all corrections officers presently and formerly employed by Defendants and in other similar non-exempt positions subject to Defendants' unlawful pay practices and policies and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs").

14. Named Plaintiff and Plaintiffs work and/or worked at Defendant Butler County at the prison located at 202 South Washington Street, Butler, PA.

15. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed *infra*.

16. There are numerous similarly situated current and former employees of Defendant Butler County who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. There are numerous similarly situated current and former employees of of Defendant Butler County who Defendants failed to pay for on-call time and who would benefit

from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

18. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

19. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

20. The foregoing paragraphs are incorporated herein as if set forth in full.

21. Named Plaintiff and Plaintiffs are current and/or former employees of Defendant Butler County who within the last three years have been or are presently employed by Defendant Butler County as correction officers.

22. Named Plaintiff and Plaintiffs work and/or worked for Defendant Butler County at its prison in Butler, PA.

23. Upon information and belief, Defendant Butler County has maintained an unlawful wage payment system for at least the last three years and has enforced such unlawful policies against all of its corrections officers who are employed at its prison.

## UNPAID ON-CALL TIME

24. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25. Defendants required and continue to require Named Plaintiff and Plaintiffs to work an 8.25 hour shift.

26. Defendants only pay Named Plaintiff and Plaintiffs for 8 hours of the 8.25 hour shift.

27. Defendants required and continue to require Named Plaintiff and Plaintiffs to take a one-hour "meal break" wherein Named Plaintiff and Plaintiffs may not leave the facility and must remain in uniform, in close proximity to gear, in close proximity to emergency response equipment, and on-call to respond to emergencies ("On-Call Time").

28. Of this one-hour of On-Call Time, Defendants pay Named Plaintiff and Plaintiffs for only 45 minutes. The other 15 minutes is unpaid.

29. Named Plaintiff and Plaintiffs are not allowed to leave the prison during the On-Call Time.

30. Named Plaintiff and Plaintiffs must remained locked in the prison and are not even allowed to go outside during the On-Call Time to smoke cigarettes or get fresh air.

31. Named Plaintiff and Plaintiffs are not allowed to run personal errands during the On-Call Time.

32. Named Plaintiff and Plaintiffs are not allowed to sleep during the On-Call Time.

33. Named Plaintiff and Plaintiffs must remain on-call during the entire 1-hour On-Call Time to respond to emergency situations or other unexpected situations.

34. If an emergency or unexpected situation arises during the On-Call Time, Named Plaintiff and Plaintiffs must respond in person, immediately, in uniform, and with appropriate gear and emergency response equipment.

35. Because of the substantial limitations placed upon them by Defendants during the On-Call Time, Named Plaintiff and Plaintiffs are not free to use the On-Call Time for their own personal pursuits.

36. Per 29 CFR §785.17: "An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call'"

37. Named Plaintiff and Plaintiffs were accordingly working while on-call and accordingly should have been paid for said work-time.

38. By failing to pay Named Plaintiff and Plaintiffs for 15 minutes of on-call time per each shift, Defendants failed to pay Named Plaintiff and Plaintiffs for all hours worked.

39. Moreover, because Named Plaintiff and Plaintiffs regularly worked 40 or more hours per week, this unpaid time each shift constitutes unpaid overtime in violation of the FLSA.

40. Named Plaintiff and Plaintiffs have been and continue to be harmed by Defendants' conduct.

### COUNT I
### Fair Labor Standards Act ("FLSA")
(Failure to pay Overtime Compensation)
(Named Plaintiff and Plaintiffs v. Defendants)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

43. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff and Plaintiffs.

6

44. At all times relevant herein, Plaintiff and Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

45. Under the FLSA, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek.

46. Defendants' violations of the FLSA include, but are not limited to: Not paying Named Plaintiff and Plaintiffs for time worked while on-call.

47. Defendants' conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

48. As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of federal wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings. Named Plaintiff and Plaintiffs should be accorded those benefits illegally withheld.

(3) Named Plaintiff and Plaintiffs are to be awarded liquidated damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: February 17, 2012