IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA J. BABCOCK
*Individually and on behalf of all those*
*similarly situated*, et al,

Plaintiffs,

v.

BUTLER COUNTY, et al,

Defendants.

12cv394
**ELECTRONICALLY FILED**

## MEMORANDUM AND OPINION

Plaintiffs, who are employees at a Butler County prison, allege that Defendants, Plaintiffs' employers, violated the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs allege that Defendants required them to take a one-hour meal break, but during that one hour, Plaintiffs were "on call" (which required them to remain within the prison and in their uniforms), but were not paid for fifteen minutes of this one-hour meal break.

Presently before the Court are two motions: (1) Defendants' Motion to Dismiss, or in the Alternative, Stay Proceedings (doc. no. 30), and (2) Plaintiffs' Motion to Certify Class (doc. no. 14). Plaintiffs filed a Brief in Opposition to the Motion to Dismiss, or in the Alternative, Stay Proceedings. Doc. No. 38. Defendants filed a Response in Opposition to Certify Class. Doc. No. 27.

For the reasons set forth herein, this Court will grant Defendants' Motion to Dismiss, or in the Alternative, Stay Proceedings. Doc. No. 30. In addition, based on this Court's reasoning and decision with respect to Defendants' Motion to Dismiss and/or Stay Proceedings, the Court will deny the pending Motion to Certify Class as moot. Doc. No. 14.

## I.  Standard of Review

Defendants contend that this case should be dismissed under Fed.R.Civ.P. 12(b)(1) for

lack of subject matter jurisdiction and/or under Fed.R.Civ.P. 12(b)(6) for failure to state a claim

upon which relief may be granted.

A party may move for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) based on lack of

subject matter jurisdiction.  Under Article III of the Constitution, because courts may only

adjudicate "cases and controversies," a party must have standing to bring a claim in court.  A

challenge to a party's standing is a challenge to subject matter jurisdiction.  *PA Prison Soc'y v.

Cortes*, 622 F.3d 215, 229 (3d Cir.2010).  To establish standing, a party must show that: (1) he

suffered some actual or threatened injury as a result of illegal conduct by the defendant; (2) the

injury can be fairly traced to the challenged action; and (3) the injury is likely to be redressed by

a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81

(2000).

When analyzing a Rule 12(b)(1) challenge, the court must first determine whether the

moving party is making a facial or factual jurisdictional attack.  *CNA v. U.S.*, 535 F.3d 132, 139

(3d Cir. 2008).  "If [it] is a facial attack, the court looks only at the allegations in the pleadings

and does so in the light most favorable to the [non-moving party]."  *U.S. ex rel. Atkinson v. PA.

Shipbuilding Co.*, 473 F.3d 506, 513 (3d Cir.2007).  However, if it is a factual jurisdictional

attack, where the moving party argues that the court lacks jurisdiction based on evidence outside

of the pleadings, the court may "consider and weigh evidence outside the pleadings . . ."  *Id.* at

514.  A jurisdictional challenge is a factual challenge if "it concerns not an alleged pleading

deficiency, but rather the actual failure of [the non-moving party's] claims to comport with the

jurisdictional prerequisites."  *Id.*

2

Here, Defendants raised a factual Rule 12(b)(1) challenge, and based on the pleadings and evidence presented by the parties, the Court finds that it lacks subject-matter jurisdiction and will grant Defendants' Motion under F.R.Civ.P. 12(b)(1).[1]

### II. Case History and Relevant Facts

Plaintiffs filed their Complaint on February 23, 2012 (doc. no. 1) and shortly thereafter filed a Motion to Certify Class.  Doc. No. 14.  Defendants timely filed a Motion to Dismiss the Complaint or, in the Alternative, to Stay Proceedings.  Doc. No. 19.  In response to Defendants' Motion (doc. no. 19), Plaintiffs filed a First Amended Complaint.  Doc. No. 25.

In their Amended Complaint, Plaintiffs essentially claim that Defendants failed to properly compensate Plaintiffs for overtime in violation of  Section 16 of the FLSA,  29 U.S.C. § 216.  Doc. No. 25, ¶ 13.  Based on the averments set forth in their Amended Complaint, Plaintiffs describe themselves as current and former employees of Defendants who "within the last three years have been employed as correction officers."  Id. at ¶ 21.

Plaintiffs specifically claim that Defendants required Plaintiffs to work eight and one-quarter hours, including a meal period, but only paid them for eight hours of work.  Id. at ¶ 26. As further explained by Plaintiffs, Defendants require Plaintiffs to take a one-hour meal break, but during that one hour, Plaintiffs were "on call" (which required them to remain within the prison and in their uniforms), and Plaintiffs were only paid for 45 minutes of this one-hour meal break.  Id. at ¶ 28.  Plaintiffs aver that because of the restrictions under which Plaintiffs are placed during their one-hour meal break period, the meal break period predominantly benefits

---

[1] Thus, the Court will not reach nor address the Fed.R.Civ.P. 12(b)(6) issue raised by Defendants.

Defendants and is not a "non-compensable meal period as defined by 29 CFR § 785.19(a)."  Id. at ¶¶ 41, 50.

In response to the Amended Complaint, Defendants filed a Motion to Dismiss, or in the Alternative, Stay Proceedings.  Doc. No. 30.  In Defendants' Motion, Defendants contended that Plaintiffs failed to exhaust their administrative remedies under their Collective Bargaining Agreement ("CBA") with Defendants, and thus, argued that this Court currently lacks subject matter jurisdiction over this matter.  In making this argument, Defendants supplied the Court with a copy of the CBA, thereby advancing a factual attack to this Court's subject matter jurisdiction.

Defendants Rule 12(b)(1) argument suggests that because a CBA exists and addresses payment of the one-hour meal break period, this Court presently lacks subject matter jurisdiction over this dispute.[2]  Defendants claim that Plaintiffs may not proceed directly to a federal court on an FLSA claim because their "claim rests upon an interpretation of a provision of [the CBA]."  Doc. No. 30 at ¶ 9.

With respect to the meal period, the CBA indicates as follows:

Eight and one quarter (8¼) consecutive hours of work shall constitute a work shift.  There shall be a paid roll call period of one-quarter (¼) hour (15 minutes) at the beginning of each shift for the purpose of addressing operational needs of the facility and/or mandatory training.  The lunch period shall be a duty-free period of one (1) hour (three-quarters (¾) of an hour (45 minutes) of which will be paid, and one-quarter (¼) of and hour (15 minutes) of which will be unpaid.)  If the duty-free period is interrupted, the time will be compensable.  Employees must remain within the facility during the lunch period unless authorized to leave by the Warden/Deputy Warden.

Doc. No. 32-1 at page 6, Section 5.1 D. 1.

---

[2] The CBA is an agreement "between the Butler County Board of Commissioners and Butler County (Correctional Officers) American Federation of State, County and Municipal Employees, District Council 84 AFL-CIO."  Doc. No. 32-1.

4

In addition to the above language, the CBA also indicates that the "County of Butler . . . hereby recognizes the American Federation of State, County and Municipal Employees, AFL-CIO as the sole and exclusive bargaining representative for . . . all regular full-time and regularly scheduled part-time employees of the Butler County Prison  . . . ."  Id. at p. 3, Section 2.1.

Finally, the CBA sets forth a four-step mandatory grievance procedure to resolve "[a]ll disputes . . . relating to the application or interpretation of [the CBA] and/or any dispute concerning the wages, hours, and working conditions of employees covered by this [CBA] . . . ." Id. at p. 21, Section 22.1.

Plaintiffs' filed a Response to Defendants' Rule 12(b)(1) arguments (doc. no. 38) and Defendants also filed a Response in Opposition to the Motion to Certify Class (doc. no. 27), and thus, the Motion to Dismiss and the Motion to Certify Class are now ripe for adjudication.


### III.  Discussion

#### A. Substantive Law

There is a federal preference for enforcing parties' agreements to submit disputes to arbitration and this preference applies to the employment arena.  See, e.g., *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-12 (2001).

Courts should defer to an arbitral decision where the employee's claim is based on rights arising out of the collective-bargaining agreement, but different considerations apply where the employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers.  *Barrantine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 737 (1981).

Where a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that it should apply "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).  The question of the arbitrability of an issue is ordinarily for the court, but once arbitration is found to be applicable, the court should not address the merits of the grievance.  *AT&T Techs, Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986).

The United States Supreme Court has held that a CBA provision which "clearly and unmistakably requires union members to arbitrate [statutory rights] claims is enforceable as a matter of federal law."  *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009).  The Supreme Court has also held that when considering a collective bargaining agreement, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied <u>unless</u> it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  *Wright v. Universal Maritime Service Corp.,*  525 U.S. 70, 78 (1998) (emphasis added).

Here, Plaintiffs' contend that their CBA is not a clear and unmistakable waiver of their right to sue in federal court under the FLSA.  Thus, the Plaintiffs argue that the case at bar is distinguishable from *14 Penn Plaza*, but akin to *Wright*.  Simply put, Plaintiffs argue that their CBA does not cover their FLSA dispute, and thus, they are not required to exhaust the four-step grievance procedure contained within the CBA prior to filing suit in a federal court.

In *14 Penn Plaza*, there was an enumerated list of statutes covered by the arbitration agreement.  Here, Plaintiffs contend this case distinguishable from *14 Penn Plaza* because their

CBA does not clearly and unmistakably indicate that it covers the arbitration of FLSA rights because it does not contain a list of statutes which includes the acronym "FLSA."

Given the language found in the CBA at bar, Plaintiffs' argument is unconvincing.  The CBA provides in relevant part:

> *All disputes* between the County and the Union or between the County and any of its employees relating to the application or interpretation of this Agreement and/or any dispute *concerning the wages, hours*, and working conditions of employees covered by this Agreement shall be settled in accordance with the following procedure…

Doc. No. 32-1 at p. 21, Section 22.1 (emphasis added).[3]  Although this provision does not mention the FLSA, it does specifically state that any dispute concerning wages and hours is subject to the four-step procedure (which, in step four, includes arbitration).  The parties to this CBA chose to enumerate the <u>types</u> of disputes that would be submitted to arbitration.  Disputes regarding hours and wages were listed among those disputes.   Thus, this Court finds that Section 22.1 is not a "general" arbitration provision.

Next, the Court finds that the case at bar is distinguishable from *Wright*.  In *Wright*, the language of the arbitration provision did not mention the word "disability."  Thus, the Supreme Court held that it was unclear whether the arbitration provision was meant to cover claims under the Americans with Disabilities Act.  However, in the case at bar, the arbitration provision specifically mentions hours and wages as being covered by the arbitration provision.  See Doc. No. 32-1 at p. 21, Section 22.1.  In addition, Section 5.1 D.1. of this CBA (quoted above at p. 4 of this Opinion) specifically addresses the wages to be paid to an employee for his or her meal period.  Doc. No. 32-1 at p. 6.  Thus, any dispute concerning wages to be paid for the meal period should follow the procedure set forth at Section 22.1

---

[3] The remainder of this section outlines the four-step grievance process, which, in step four, requires the employee, through his or her Union, to "appeal the [wage, hour, or working condition] grievance to arbitration."  Doc. No. 32-1 at pp. 21-22, Section 22.1.

Plaintiffs also contend that the last paragraph of Section 22.1 permits them to file an

FLSA lawsuit in a federal court without following the four-step grievance procedure set forth in

the preceding paragraphs of Section 22.1.  Doc. No. 38 at p. 4.    However, the last paragraph of

Section 22.1 reads as follows:

> The parties have specifically agreed that the inclusion of the above language
> [referring to the four-step grievance procedure] does not grant an arbitrator any
> authority to award any statutory damages or relief and no monetary award to any
> employee shall be made **except** as such compensation is otherwise payable under
> the specific terms of this [CBA].

Doc. No. 32-1 at p. 22, Section 22.1 (emphasis added).  First, as noted, Section 5.1 D.1. of the

CBA specifically addresses the wages to be paid to an employee for his or her meal period, and

thus, falls within the exception of "compensation . . . otherwise payable" under the CBA.  Doc.

No. 32-1 at p. 6.  Also, if this paragraph were read in the manner suggested by Plaintiffs, this

paragraph would render the four-step grievance procedure of Section 22.1 without meaning.

Finally, Plaintiffs reliance on *Gallagher v. Lackawanna County*, 2008 U.S. Dist. LEXIS

43722, *11-12 (M.D. Pa. May 30, 2008) (Vanaskie, J) likewise is distinguishable.  *Gallagher*

was decided prior to *14 Penn Plaza*, in which the Supreme Court clarified the scope of *Wright*.

Further, there is a major factual difference between the case at bar and *Gallagher*.  In *Gallagher*,

the CBA was silent with regards to pre-shift meetings, which was the basis for the FLSA claim.

Id. at *6.  In the case at bar, the CBA specifically addresses pay for meal breaks, which is

Plaintiffs' basis for the FLSA claim.  Thus, the interpretation of the CBA was not at issue in

*Gallagher*, while it is at issue in this case.

This Court has considered the CBA's terms, given Defendants' factual challenge to

subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), and based on the terms quoted above,

finds that Plaintiffs are bound by the CBA's terms.  Thus, the Court finds that Plaintiffs must

first exhaust their administrative remedies in accordance with the four-step procedure outlined in the CBA before bringing their lawsuit here.  See generally, *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221 (3d Cir. 2012).  Congress and the United States Supreme Court have repeatedly held that arbitration provisions are to be respected by the Courts.  Plaintiffs cannot simply avoid the four-step grievance procedure outlined in the CBA, because the issue is one that would ordinarily evoke the federal question jurisdiction of this Court.

### B. Remedy

When a defendant (such as Defendants here) files a Motion to Dismiss, or in the Alternative, to Stay Proceedings, and the basis for that request is to compel the plaintiff to arbitrate the matter, "a stay, rather than a dismissal, is the required course of action when compelling arbitration."  *Id.*, 673 F.3d at 227 n. 2 (citations omitted).

### IV. Conclusion

Based on the foregoing law and authority, this Court will issue an Order, contemporaneously with this Memorandum Opinion, compelling Plaintiffs to exhaust their administrative remedies in accordance with the four-step procedure set forth in Section 22.1 of the CBA, and thereby granting Defendants' Motion to Dismiss, or in the Alternative, Stay Proceedings (doc. no. 30), and will stay these proceedings.  This ruling renders the Plaintiffs' Motion to Certify Class (doc. no. 14) moot and thus, it will be denied without prejudice.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel and Parties